IN THE SUPERIOR COURT
OF GUAM

JON B MCDONALD, ALMA S
MCDONALD, ESTATE OF DOMINGO
BAE GUERRERO, ESTATE OF JOSE C
PEREDO, JOSE G PERDO,

                  Plaintiffs,

     vs.

GOVERNMENT OF GUAM, FELIX P
CAMACHO,

                  Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Case no. CV0223-10

**DECISION AND ORDER**

## INTRODUCTION

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Court's local rules Defendant's Motion for Partial Summary Judgment was taken under advisement by the Court on August 04, 2013. Defendant was represented by Assistant Attorney General Kathy A. Fokas. Plaintiff was represented by Peter C. Perez. After considering the matters presented, the Court now issues the following decision DENYING Defendant's motion for their failure to adequately develop their request.

## BACKGROUND

The instant action stems from a 7 GCA § 11311.1 inverse condemnation action brought by the Plaintiffs on their own behalf and on the behalf of a class of persons similarly situated.[1] In their pleading Plaintiffs' alleged that between August 1, 1950 and July 1, 1994, the Government of Guam expropriated private lands, including those owned by Plaintiffs, for public purposes without providing just compensation to the land owners.

**Summary Judgment Papers**

On January 11, 2013, Plaintiff filed a paper entitled Motion for Partial Summary

Judgment. In its papers Defendant requests that the Court enter a partial order of summary judgment on the following issues:

1. Plaintiffs are the fee simple owners of the properties respectively claimed;
2. The government of Guam expropriated for public purposes Plaintiffs' respective private properties;
3. The expropriations occurred between August 1, 1950 and July 1, 1994.
4. The government of Guam did not make payment to Plaintiffs respectively of just compensation;
5. The government of Guam has not implemented, administered, enforced, or fully complied with Public Laws 22-73 and 23-128;
6. Neither the government of Guam nor the Governor have complied with Public Law 22-73 which requires that they shall immediately research and compile an exhaustive list of all private property which has been taken by the various agencies and departments of the government of Guam since 1945 and for which either no compensation or grossly inadequate compensation has been given, either in terms of money or by land exchanges.

Plaintiffs assert that they are entitled to judgment as a matter of law on the following issues:

1. That the government of Guam and the Governor of Guam implement, administer, enforce, and fully comply with Public Law 22-73 and 23-128;
2. Award Plaintiffs and the class Plaintiffs represent just compensation in payment for each of their respective private properties expropriated.

In support of these requests Plaintiffs cite to the standards which the Guam Supreme Court has held apply when moving for and deciding upon a motion for summary judgment. They next in a seven-page section entitled, Rule 56 Materials appear to have re-typed and inserted, without any analysis, their complaint, and the Defendant Government of Guam's answer, and opposition to Plaintiffs' motion for class certification. This section subsequently also contains a narrative of Plaintiffs' Freedom of Information Requests/Sunshine act requests and an verbatim two-page insertion of the U.S. Department of the Interior Inspector General's November 1992 Audit Report recommendations and findings. The next five pages of Plaintiff's brief include, without analysis: 1) re-typed complete or partial portions of the U.S.

---

[1] On May 28, 2013 the Court entered an order denying Plaintiffs' motion for class certification

Constitution and the US Code: 2) Guam Public Laws 22-73 Sections one, two, and nine; 3) Section 11311.1 of Title 7 of the Guam Code; and 4) one page of block quoted language from the Guam Supreme Court's opinion in *Cepeda v. Government of Guam*, 2005 Guam 11, ¶¶ 16-17. Last, Plaintiffs assert, without any analytical argument of the possible essential elements of the legal conclusions contained therein, that there are no genuine issues of material fact regarding the following issues:

1. Plaintiffs are fee simple owners of the properties respectively claimed;
2. The government of Guam expropriated for public purpose Plaintiffs' respective private properties;
3. The expropriations occurred between August 1, 1950 and July 1, 1994;
4. The government of Guam did not make payment to Plaintiffs respectively of just compensation;
5. The government of Guam has not implemented, administered, enforced, or fully complied with Public Laws 22-73 and 23-128;
6. Neither the government of Guam nor the Governor have complied with Public Law 22-73.

Plaintiffs conclude by asserting their entitlement to summary finding that: 1) the Defendants must implement, administer, enforce and fully comply with Public Laws 22-73 and 23-128; and 2) Award Plaintiffs and the class Plaintiffs represent just compensation in payment for each of their respective private properties expropriated.

Defendants filed their opposition on June 4, 2013. In it Defendants assert that the arguments and relief requested by Plaintiffs in their motion were also raised and denied in the Court's May 28, 2013 Decision and Order regarding Plaintiffs' motion for class certification and writ of mandamus. Accordingly, Defendants reason that the Plaintiffs' requests should be denied. Defendants further list the elements of an inverse condemnation claim and cite to specific portions of the Court's May 28, 2013 order which they argue create disputed issues of material fact.

and writ of mandamus.

Plaintiffs did not file a reply.

## DISCUSSION

Rule 56 of the Guam Rules of Civil Procedure regulates when a court may grant summary judgment. Guam R. Civ. P. 56. Summary Judgment is appropriate if the pleadings, deposition, interrogatories and admissions on file together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Guam R. Civ. P. 56(c). *Izuka Corp. V. Kawasho International,* (Guam), Inc., 1997 Guam 10, ¶7.

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In rendering its decision on a motion for summary judgment, a court must draw inferences and view the evidence in a light most favorable to the non-moving party. *Bank of Guam v. Flores*, 2004 Guam 25. If however, the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the pleading, but must produce at least some significant probative evidence to support the pleading. *Edwards v. Pacific Financial Corporation*, 2000 Guam 27, ¶7.

Consequently, a court's "ultimate inquiry is to determine whether the 'specific facts' set by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Edwards*, 2000 Guam 27, ¶7.

**Motion Sufficiency**

Applying the above standard to the instant case the Court is dismayed by the

inadequacy of the Plaintiffs' motion. *Mot.* at 1-20.  As set forth in the above and common the sufficiency requirements of all papers, a summary judgment movant must at a minimum separately identify the disputed and undisputed facts and essential elements of the cause of action for which summary dismissal is sought and apply and analyze them under the appropriate standard. *Guam Sanko Transportation, Inc. v. Pacific Modair Corporation*, 2012 Guam 2, ¶¶ 7-8; see, *Lamb v. Hoffman*, 2008 Guam 2, ¶¶ 34-36 ( In order to conduct a meaningful review, the parties must articulate their arguments in a way that allows this court to apply recognized rules of law); Guam R. Civ. P. 7 (An application to the court for an order shall . . . shall state with particularity the grounds therefor . . . .).

In this case Plaintiffs' motion contains no outline of the essential elements of Plaintiffs' claims. *Mot.* at 1-20.  It contains no verifiable list of the undisputed and disputed facts. *Id.*  It lacks any analysis of how the undisputed material facts, when viewed in the light most favorable to the non-movant, require a summary dismissal is as a matter of law. *Id. Lamb*, 2008 Guam 2, ¶¶ 34-36; *Celotex Corp.*, 477 U.S. 317, 323 (1986); *Edwards*, 2000 Guam 27, ¶7. Absent this the court is unable to begin any appropriate analysis of Plaintiffs' requests.

**CONCLUSION**

For the reasons set forth above Defendant's motion for summary judgment is DENIED.

SO ORDERED, this ___/___ day of _____ 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

OCT 0 1 2013

Page 5 of 5